

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2007

# Wallace v. Federated Dept Store

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wallace v. Federated Dept Store" (2007). *2007 Decisions.* Paper 1768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3286
_____

MARGARET WALLACE,

Appellant

v.

FEDERATED DEPARTMENT STORES, INC.;
TERRY J. LUNDGREN, Chairman, President and CEO;
CORPORATE SECURITY DIRECTOR, AND OTHERS
WHO MAKE AND SET SECURITY POLICY;
CORPORATE COMPLIANCE OFFICER, AND
OTHERS WHO SET COMPANY POLICY;
CORPORATE LOSS PREVENTION OFFICER;
AND OTHERS WHO SET POLICY REGARDING LOSS;
MACY'S EAST INC.; RONALD KLEIN, CHAIRMAN AND CEO;
JAMES E. GRAY, PRESIDENT; WILLIAM M. BRAGG, DIRECTOR,
SECURITY TRAINING AND COMMUNICATIONS,
AND OTHERS WHO MAKE AND SET SECURITY POLICY;
MACY'S LEHIGH VALLEY; ROBIN GRIM, STORE MANAGER;
KEITH DAUGHTERY, SECURITY DIRECTOR, OR
OTHER PERSON IN THIS POSITION; LYNNE DANIELS, MANAGER;
MALE AND FEMALE SECURITY PERSONS; PAT, CLERK;
TARA OTT, DIRECTOR, EMPLOYEE RELATIONS AND ADMINISTRATION;
OTHER PARTIES UNKNOWN

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-04204)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2007

Before: FISHER, ALDISERT and WEIS, <u>Circuit Judges</u>.

(Filed: January 16, 2007 )

_____

OPINION

_____

PER CURIAM

Margaret Wallace appeals the order of the United States District Court for the Eastern District of Pennsylvania granting the defendants' motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the decision to grant the motion to dismiss. See <u>Weston v. Pennsylvania</u>, 251 F.3d 420, 425 (3d Cir. 2001). We accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. See <u>id.</u>

I.

Wallace filed a complaint against numerous defendants, including Federated Department Stores, Inc., several individual Macy's stores and the individuals who manage and own them, and various other employees of the named Macy's stores. Wallace alleges that she was unlawfully terminated from her employment at the Macy's store at Lehigh Valley Mall in Allentown, Pennsylvania. Wallace began her temporary, seasonal employment with Macy's Lehigh Valley in January 2005. As an employee, she was issued a discount card good for a twenty percent discount on Macy's purchases.

2

In January 2005, Wallace purchased a sweater at Macy's, using her discount card to get the twenty percent discount. After realizing that she could not wear the sweater, Wallace returned it that same month. According to Wallace, when she returned the sweater, either the clerk or the computer system mistakenly applied a $1.70 credit to a Macy's *gift* card that her daughter had given her. Wallace maintains that the $1.70 represents the twenty percent of the sweater's price that was deducted from her original purchase due to her use of her employee discount card. Wallace alleges that the credit should have been made to her Macy's discount card, rather than her gift card, and that she was unaware of any error at the time. Wallace's temporary employment ended.[1]

In March 2005, Wallace was hired as a non-seasonal sales associate at Macy's Lehigh Valley. According to Wallace, on March 31, 2005, Macy's Lehigh Valley employees confronted her regarding the $1.70 credit. Wallace alleges that Macy's management and security staff accused her of retail theft based on the credit. She contends that she was interrogated by security staff without representation, forced to sign papers under duress, subjected to false charges, and unlawfully terminated. Wallace also contends that her rights were violated when the defendants refused to provide information and copies of documents related to her termination. The complaint seeks relief under 42

[1]After examining the receipts submitted with the complaint, the District Court concluded that the $1.70 figure was not supported by the receipts, and calculated that the amount at issue should rightly be $8.41 – the difference between the amount for which the gift card was purchased and the ending balance on the card. We need not resolve the issue for the purposes of this opinion.

U.S.C. §§ 1983, 1985, and 1986. In the complaint, Wallace also asks to reserve the right to bring claims pursuant to 42 U.S.C. § 1981 and/or Title VII. The defendants filed a motion to dismiss for failure to state a claim.

The District Court granted the motion, concluding that (1) Wallace could not state a viable § 1983 claim because she could not show state action; (2) Wallace could not state a § 1985 claim because (a) a Title VII claim cannot form the basis for a cause of action under § 1985, and (b) Wallace's remaining allegations, which – broadly construed – raise Fourth and Fourteenth Amendment claims, fail for a lack of state action; and (3) Wallace could not state a § 1986 claim because a § 1985 violation is a prerequisite. Wallace appealed. Wallace has also filed a "Petition for Relief from Fraud" in this Court.

II.

The District Court dismissed Wallace's complaint without providing her the opportunity to amend. If a complaint is vulnerable to dismissal for failure to state a claim, a District Court must first permit the plaintiff a curative amendment. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). This is true even if the plaintiff does not seek leave to amend. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. See Alston, 363 F.3d at 236. Because there is no indication in the record of bad faith, undue delay, or prejudice, we can affirm only if it would have been futile for the District Court to allow Wallace to amend her complaint.

4

We agree with the District Court's conclusions concerning Wallace's § 1983, § 1985, and § 1986 claims. Because Wallace could not present additional information that would transform her allegations into viable claims, we conclude with regard to these claims that amendment would be futile and thus will affirm the District Court's judgment as to these claims.

However, we cannot conclude that any amendment that Wallace might make would be futile. Section 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions. A plaintiff need not allege state action on the part of the defendant in order to pursue § 1981 relief. See Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001). In the employment context, § 1981 claims are analyzed under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), for analyzing Title VII discrimination cases. See Pamintuan v. Nanticoke Memorial Hospital, 192 F.3d 378, 385 (3d Cir. 1999). In order to establish a *prima facie* case, Wallace must show that (1) she is a member of a protected class, (2) she satisfactorily performed the duties required by her position, (3) she suffered an adverse employment action, and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination. See Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). The burden then shifts to the defendants to articulate a legitimate, non-discriminatory reason for the challenged action.

5

Id. While there is currently very little information in the complaint to support a *prima facie* case of discrimination pursuant to § 1981, Wallace does cite a Macy's training session on "eliminating racial profiling by store loss prevention detectives," and indicates her suspicion that she may have been "racially profiled." We have often noted that the bar for establishing a *prima facie* case of employment discrimination is low. See, e.g., Ezold v. Wolf, 983 F.2d 509, 523 (3d Cir. 1993). Under these circumstances, we cannot conclude that Wallace will be unable to state a claim with respect to 42 U.S.C. § 1981.

In its opinion, the District Court twice notes that Wallace "has not actually asserted a § 1981 claim" and has instead suggested that she may raise it at some later time. We review *pro se* complaints liberally. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). After evaluating in context the numerous times that Wallace mentions § 1981 in her complaint, we have determined that Wallace intends to raise the § 1981 claim in this case, rather than in some future action. It is apparent from reading the complaint that Wallace was awaiting definitive information from the discovery process in this matter before articulating a § 1981 violation. This level of caution with regard to the claim reflects Wallace's unfamiliarity with notice pleading rather than an intent to bring a § 1981 claim in another action.

Accordingly, we will vacate the judgment of the District Court to the extent it grants the motion to dismiss with regard to claims other than those raised pursuant to § 1983, § 1985, and § 1986, and remand the matter for proceedings consistent with this

6

opinion.  The judgment is otherwise affirmed.  Wallace's submission in this Court

alleging fraud by counsel for the defense invokes Federal Rule of Civil Procedure 60(b),

which only applies to proceedings in the District Court.  Accordingly, Wallace's "Petition

for Relief" is denied.